RECEIVED
NOV - 1 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

INEZ HYATT, DBA HYATT STUDIOS
A RESIDENT OF LOUISIANA

versus                                    CIVIL ACTION NO. 11-0553
                                          JUDGE TOM STAGG
WALGREEN CO., AN ILLINOIS
CORPORATION, AND ITS SUBSIDIARY
WALGREEN LOUISIANA CO., INC.

---

## MEMORANDUM RULING

Before the court is an unopposed motion to dismiss the claims of plaintiff, Inez Hyatt d/b/a Hyatt Studios ("Hyatt"), filed by the defendant, Walgreen Company ("Walgreen"). See Record Document 9. For the reasons stated below, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

Hyatt Studios is a professional photography studio owned by Inez Hyatt. According to the complaint, Hyatt was hired as the photographer for the wedding of Sequria Rivers and Dexter Harris on February 20, 2010. Hyatt took 144 original photographs at the wedding. Thereafter, Mr. and Mrs. Harris received 144 still photographs of their wedding stamped with the "Hyatt Studios" embossed logo.

Mr. and Mrs. Harris took the 144 photos to Walgreen and had them scanned, reproduced and placed onto compact discs without the permission of Hyatt. Hyatt asserts that the "144 photographs are wholly original photographs created by Inez Hyatt and are copyrightable under the laws of the United States." Record Document 1 at 2. She alleges that Walgreen willfully infringed the copyright by scanning and producing identical digital copies of the photographs and selling them on compact discs. Walgreen filed the instant motion to dismiss Hyatt's claims, contending <u>inter alia</u> that Hyatt cannot establish that she owns a valid copyright in the photographs and that Hyatt has failed to register the photographs with the United States Copyright Office. <u>See</u> Record Document 9.

## II. LAW AND ANALYSIS

### A.   Rule 12(b)(6).

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007) (quoting <u>Bell Atl.</u>

Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The defendant's Rule 12(b)(6) challenge must be determined based solely on the facts asserted in the complaint and the exhibits to the complaint. See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007).

To survive a motion to dismiss, a complaint must contain certain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 569, 127 S. Ct. at 1973. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009).

**B.  Analysis.**

Walgreen argues that Hyatt failed to state a claim because she did not meet the statutory registration requirement for a copyright infringement claim. The relevant statute provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). In 2010, the Supreme Court concluded that lack of a copyright registration for the intellectual property that is the subject of a claim is not fatal to a court's jurisdiction

but instead is a claims-processing requirement. See Reed Elsevier, Inc. v. Muchnick, --- U.S. ---, 130 S. Ct. 1237, 1243-47 (2010).[1] Thereafter, the Fifth Circuit, in light of the Supreme Court's ruling in Reed, concluded that "[i]f a plaintiff does not have a copyright registration, her claim may be dismissed for failure to state a claim but should not be dismissed for lack of subject matter jurisdiction." Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc., 422 F. App'x 344, 348 (5th Cir. 2011) (citing 2-7 Nimmer on Copyright, § 7.16[B][2][c]). Because the registration requirements of 17 U.S.C. § 411(a) have not been met as to the photographs in this case, Hyatt failed to state a claim for copyright infringement. Accordingly, Hyatt's complaint does not contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 569, 127 S. Ct. at 1973.

## C. The Motion Remains Unopposed.

The motion to dismiss was noticed for briefing, but Hyatt did not file any timely opposition. Given the lack of opposition and the absence of any readily

---

[1] The Fifth Circuit had previously held that copyright registration was a jurisdictional prerequisite to filing an infringement action. See Starr v. Daimler Chrysler Corp., 552 F. App'x 590 (5th Cir. 2007).

apparent basis for the imposition of liability on Walgreen for the acts alleged in the complaint, the motion to dismiss is **GRANTED**.

### III. CONCLUSION

Based on the foregoing analysis, the motion to dismiss (Record Document 9) is **GRANTED**. All claims by Hyatt against Walgreen are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of November, 2011.

_____
JUDGE TOM STAGG